# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

Thomas Allen,                                                        Civil No. 06-1163  JNE/AJB

                Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

R.L. Morrison,

                Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to consider whether he should be transferred to halfway house for a period of time greater than the final six months of his confinement.  Petitioner challenges the BOP's method of determining when a prisoner should be transferred into a community corrections center (CCC), i.e. halfway house, such that an inmate's CCC or home confinement placement is limited to the last ten percent of the sentence being served, not to exceed six months.[1]  Petitioner contends that the BOP's CCC placement policy fails to take his individual needs and circumstances into account in determining the length of transitional confinement.

---

[1] 18 U.S.C. § 3624(c) states in pertinent part:
> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community

Mr. Allen is an inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 188 month sentence imposed by United States District Court Judge Clark on a conviction in the Southern District of Missouri. His statutory release date is April 19, 2010,[2] and at the time of filing the petition he had been informed that he was eligible for only a maximum six months halfway house placement.

The present action is one of a number of such cases commenced by prisoners who have challenged a BOP regulation that limited an inmate's eligibility for pre-release CCC placement to ten percent of the sentence, not to exceed six months. This policy categorically precluded certain prisoners from receiving halfway house placement for a length of time greater than ten percent of the sentence and further recognized a six month maximum halfway house placement under 18 U.S.C. § 3624(c). The prisoners contend that application of this policy runs contrary to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis, thereby making halfway house placement decisions based upon consideration of the nature and circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement or placement recommendation by the court that imposed the sentence. 18 U.S.C. § 3621(b).[3] The petitioner in this instance is not

---

[2] Petitioner indicates that this date does not take into account good time credits to which he is entitled.

[3] 18 U.S.C. § 3621(b) states in pertinent part:
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
> (1) the resource of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed sentence–
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

challenging the ten percent limitation but has been advised that his halfway house placement eligibility is limited to six months and he contends that this BOP policy limitation is unlawful.

The Eighth Circuit Court of Appeals recently issued its decision in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), therein holding that the Bureau of Prison's regulation limiting halfway house placement to no more than ten percent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid.[4]  Under the <u>Fults</u> decision the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner.

With respect to the prisoner in the present case, Mr. Allen, the BOP did not consider the circumstances relating to the individual inmate, but instead made a simple determination that he was entitled to no more than six months halfway house placement.  Pursuant to <u>Fults v. Sanders</u> the BOP is required to make an individualized determination and cannot exercise "categorical discretion."  The method used by the Bureau of Prisons in determining Mr. Allen's halfway house placement date was not a proper method in which to exercise its discretion, and the petitioner is therefore entitled to reconsideration of his CCC eligibility date by the BOP.

In its response to the petition in this matter the Bureau of Prisons has expressly

---

(B) recommending a type of penal or correctional facility as appropriate;

[4] Fults was sentenced to an 18-month term of imprisonment and was challenging the ten percent limitation on halfway house placement.

acknowledged the reasoning in the Fults decision may have application in this case and has expressly stated that it will follow the guidelines and policy on halfway house placement that existed before 2002, a policy that permits halfway house placement without the limitations that are challenged in this action.[5] Given the BOP's current policy, this § 2241 petition is essentially moot. However, the respondent has stated that it does not oppose the petition to the extent that it seeks BOP reconsideration of the date on which Mr. Allen should be assigned to a halfway house without regard to 28 C.F.R. §§ 570.20 and 570.21, i.e. the BOP regulations that are challenged in this action. Therefore, the magistrate judge recommends that the petition be granted.

Based upon the foregoing discussion, along with the petition and memorandum response, **IT IS HEREBY RECOMMENDED** that petitioner Thomas Allen's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **granted**. [Docket No. 1]. In the event that the district court grants relief as recommended herein, the Bureau of Prisons should be required to timely conduct an individualized review of petitioner's CCC eligibility. The BOP should not be required to conduct immediate eligibility review but rather shall conduct its review 11 to 13 months before the inmate's projected release date, pursuant to policy set forth in Program Statement 7310.04, page 7, Community Corrections Center (CCC) Utilization and Transfer Procedures.

Dated:   May 16, 2006

                                                s/ Arthur J. Boylan

---

[5] The BOP indicates that although its present policy does not limit halfway house placement to six months or ten percent of the sentence, whichever is less, those cases in which more than six months halfway house placement would be granted must be "highly unusual" and require extraordinary justification.

                                                  Arthur J. Boylan
                                       United States Magistrate Judge

        Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 28, 2006.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.